United States District Court
Southern District of Texas
**ENTERED**
November 14, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Candace Lanell Walker, §
§
        Plaintiff, §
§
versus §        Civil Action H-22-2654
§
Warden of State Prison, *et al.*, §
§
        Defendants. §

## Opinion on Dismissal

The federal writ of habeas corpus is a remedy limited to prisoners in custody.[1] Where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled" to habeas relief, "the judge *must* dismiss the petition."[2] Moreover, this Court's jurisdiction extends only to live cases or controversies and does not extend to a moot case.[3] "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody."[4]

Candace Lanell Walker's petition demonstrates that she is not entitled to habeas relief. Notably, Walker has not alleged that she is in any type of government custody, state or federal.[5] In petitioning for writ of habeas corpus, Walker named as defendants numerous organizations and entities (governmental and non-governmental), including

---

[1] *E.g.*, 28 U.S.C. § 2241.

[2] 28 U.S.C. § 2254, Rule 4 (emphasis added).

[3] *E.g. U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).

[4] *Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022) (quoting *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019)); *see also* 28 U.S.C. § 2241(c)(3)).

[5] [Doc. 1].

the Roman Catholic Archdiocese of Galveston-Houston; the United States Army at Fort Sam Houston, Fort Hood, and Fort Sill; the US Army Recruiting Battalion – Houston; The University of Texas Harris County Psychiatric Center; and the Substance Abuse and Mental Health Services Administration (a branch of the Unites States Department of Health and Human Services).[6] Walker complains that she does not have access to her personal records[7] and that this lack of access amounts to being institutionalized or put in some kind of custody without her awareness.[8] She alleges a number of injustices and hardships that she is facing, yet she does not allege that she is a prisoner in physical custody. In fact, Walker personally appeared before the Court for an initial conference.[9]

Because Walker is not a prisoner in custody, she is not entitled to the relief sought in her petition for writ of habeas corpus,[10] and there is no live case or controversy before the Court.[11] The relief she seeks is not her accelerated release from custody.[12] Accordingly, Candace Lanell Walker's petition for a writ of habeas corpus will be dismissed for lack of jurisdiction.

Signed on November 14, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[6] [Doc. 5].

[7] Walker has requested the Court issue 67 subpoenas to these and other entities and individuals, seeking to compel the production of various documentation about her medical, work, and personal history and about her children. *See generally* [Doc. 6].

[8] [Doc. 1] at 2, 3.

[9] [Doc. 8].

[10] 28 U.S.C. § 2254, Rule 4

[11] *See Djadju*, 32 F.4th at 1106.

[12] *See Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010).